UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

ADAM SPENCER,
An Individual

CASE NO.:

Plaintiff,

v.

JAGUAR AND LAND ROVER
NORTH AMERICA, LLC,
a Foreign Limited Liability Company,

Defendant.
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ADAM SPENCER, ("Plaintiff' or "Mr. Spencer"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA"), and Florida's Private Whistleblower Act, Section 448.102(3), Florida Statutes ("FWA") seeking recovery from JAGUAR AND LAND ROVER NORTH AMERICA, LLC, ("JLRNA" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, compensatory damages, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

**PARTIES, JURISDICTION, AND VENUE**

1. Mr. Spencer is an adult individual.

2. Defendant is a Foreign Limited Liability Company that is located and does business in St. Lucie County, Florida, and is therefore within the jurisdiction of this Court.

3. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

4. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S. Code § 12112.

5. This Court has supplemental jurisdiction over Plaintiff's FCRA and FWA claims, as they arise out of the same operative facts and circumstances as his FMLA/ADA claims.

6. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in St. Lucie County, Florida.

7. Plaintiff worked for Defendant in St. Lucie County, Florida, and therefore the proper venue for this case is the Fort Pierce Division of the Southern District of Florida.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to treat same; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

10. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because Plaintiff was a disabled or "perceived as disabled"

employee who suffered discrimination because of his disability or "perceived disability" by Defendant.

11. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because Plaintiff was retaliated against and suffered adverse employment action as a result of his disability or "perceived disability," and his request for reasonable accommodation.

12. Defendant was at all times an "employer" as envisioned by the ADA, FCRA, and FWA as it employed in excess of fifteen (15) employees.

## **CONDITIONS PRECEDENT**

13. On or around August 12, 2026, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

14. 11. The FCHR has failed to render a decision on this Charge of Discrimination within 180 days of its filing, giving Plaintiff the right to file a civil action pursuant to the FCRA

15. On or around August 20, 2026, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

16. Plaintiff timely files this action within the applicable period of limitations against Defendant.

17. All conditions precedent to this action have been satisfied and/or waived.

## **FACTUAL ALLEGATIONS**

18. Mr. Spencer worked remotely for JLRNA as Regional Performance Manager, from April 8, 2018, until his unlawful and retaliatory termination on June 19, 2026.

19. During his tenure, Mr. Spencer was an excellent employee, and had no history of non-ADA/FMLA-related attendance, tardiness, or disciplinary issues.

20. Mr. Spencer served as a Regional Performance Manager for JLRNA and, during 2023 and 2024, raised internal concerns about pricing directives and practices that appeared inconsistent with internal policy and competition law expectations.

21. In September 2024, Diego Lopez, Regional Vice President, in coordination with certain retailers, directed retailers to end individual retailer price discounting practices and sell vehicles at or above the suggested retail price.

22. On September 27, 2024, Mr. Lopez instructed Mr. Spencer to present certain directives as if they came from Mr. Spencer rather than from leadership, and Mr. Spencer refused to participate.

23. The unlawful conduct Mr. Spencer objected to included what he reported as price-fixing in violations of Section 1 of the Sherman Act and the Florida Antitrust Act of 1980: directives to end individual retailer price discounting practices and sell vehicles at or above the suggested retail price, and tie retailers' inventory allocations to retailer pricing and compliance with anti-price discounting directives.

24. Plaintiff also raised additional ethics and compliance objections involving special pricing for Mr. Lopez's son's vehicle, submission of repair or service costs for Mr. Lopez's children's vehicles for JLRNA to pay, and requests for event tickets and other benefits from retailers.

25. Mr. Spencer's refusal and objections to this unlawful activity are considered "protected activity" under the FWA.

26. After Mr. Spencer refused to carry out those directives and raised concerns, he experienced escalating pressure and hostility that culminated in a stress-related hospitalization in November 2024, followed by a formal HR complaint on November 20, 2024.

27. Mr. Spencer's request for a brief time off to address his stress-based hospitalization and to treat his protected disabilities is considered a request for reasonable accommodation under the ADA/FCRA.

28. HR investigated that complaint through February 2025, issued a non-retaliation warning, and informed Mr. Spencer that it had substantiated the vehicle pricing directives and the improper submission of Mr. Lopez's children's service bills for JLRNA to pay.

29. On February 13, 2025, James Hunt-Davies, Vice President, People and Places NA, informed Mr. Spencer that Michael Khoda, Vice President and former Director of Field Operations, knew about the complaint and was involved in discussions about how to proceed.

30. Despite this, the retaliation continued. Throughout 2025, Mr. Spencer continued reporting improper directives and compliance concerns, continued experiencing adverse treatment, and continued performing at or above expectations.

31. Even so, on November 21, 2025, JLRNA placed him on a Performance Improvement Plan ("PIP"). Mr. Lopez drove that process, and Mr. Khoda attended.

32. The retaliatory PIP is considered an adverse employment action due to Mr. Spencer's objections to Defendant's unlawful activity.

33. After Mr. Spencer's 2024 hospitalization, JLRNA knew of his medical conditions of anxiety and depression.

34. In February 2025, Mr. Spencer asked James Hunt-Davies, Vice President, People and Places NA, for a reasonable accommodation of switching to another direct report so that he could return safely.

35. JLRNA denied that request and did not engage in a meaningful interactive process.

36. Later in 2025, Mr. Spencer's physician recommended medical leave once again, and he remained on approved FMLA leave from December 2025 into 2026 because his doctor would not clear him to return under the same conditions which exacerbated his disabilities.

37. In early 2026, Mr. Spencer escalated his objections of discrimination, retaliation, and unlawful activity to Guy Higgins in Global Compliance and to Competition Law Group Attorney, Joseph Del-Greco.

38. Mr. Del-Greco stated that he was concerned, asked for supporting evidence, and asked whether Mr. Spencer's identity could be disclosed to Abbie Rees-Browne, JLRNA General Counsel, which Mr. Spencer provided and agreed to.

39. Mr. Spencer then made an internal complaint about retaliatory conduct, and JLRNA closed that complaint in March 2026 without meaningful corrective action.

40. On April 9, 2026, while Mr. Spencer remained on approved medical leave and active short-term disability, JLRNA told him his FMLA leave was exhausted, downgraded him from Regional Performance Manager to a lower-level role with a significant salary reduction, and threatened termination if he did not return by May 6, 2026.

41. JLRNA then continued pressuring him to return despite medical restrictions and approved leave.

42. On May 6, 2026, JLRNA People Partner, Yasmin Froud, informed Mr. Spencer that JLRNA would post his role because of a claimed business need.

43. On June 19, 2026, Mr. Hunt-Davies terminated Mr. Spencer even though JLRNA had extended his short-term disability through July 2, 2026.

44. Defendant asserted that keeping the position open posed an undue hardship, but provided no evidence of this alleged hardship, especially in light of Plaintiff's approved leave.

45. It is clear that JLRNA terminated Mr. Spencer because he objected to unlawful workplace activity, suffered a disability/serious health condition, and required reasonable, non-burdensome accommodation and/or FMLA leave for same.

46. Any other "reason" theorized after the fact by JLRNA or its attorneys for JLRNA's termination of Mr. Spencer's employment is pure pretext.

47. The close temporal proximity between Mr. Spencer's objections/refusal and the negative employment action taken against him, i.e., termination. establishes a causal link between Plaintiff's protected activity and Defendant's retaliatory acts.

48. It is clear that JLRNA retaliated against Mr. Spencer based on his serious health condition, him utilizing or attempting to utilize FMLA leave, his disabilities, and for requesting reasonable accommodation.

49. JLRNA's adverse employment actions recounted herein were taken in interference with, and retaliation for, Mr. Spencer disclosing his serious health condition and for taking protected FMLA leave.

50. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

51. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

52. The timing of Plaintiff's disclosure of his serious health condition and his use of protected FMLA leave and Defendant's termination of his employment, alone demonstrates a

causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

53. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

54. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of his job as a Regional Performance Manager.

55. In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward his disability and request for accommodation under the ADA/FCRA.

56. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

57. The timing of Plaintiff's termination makes the causal connection between his use of reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

58. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

59. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

60. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

61. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 3, 6 through 9, 18 through 24, 26 through 46, 49 through 54, 59 and 60, above.

62. At all times relevant hereto, Plaintiff was protected by the FMLA.

63. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

64. At all times relevant hereto, Defendant interfered with Plaintiff by discouraging him use of FMLA and/or failing to restore Plaintiff to the same position or an equivalent position after his return from FMLA leave.

65. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

66. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

67. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 3, 6 through 9, 18 through 24, 26 through 46, 49 through 54, 59 and 60, above.

68. At all times relevant hereto, Plaintiff was protected by the FMLA.

69. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

70. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for his use of FMLA-protected leave.

71. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed his serious health condition and his use or attempted use of leave pursuant to the FMLA.

72. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

73. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## FAILURE TO ACCOMMODATE DISABILITY DISCRIMINATION UNDER THE ADA

74. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4, 7, 10 through 24, 26 through 46, 54 through 60, above.

75. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

76. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

77. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and/or other non-pecuniary losses.

78. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

79. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

80. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## FAILURE TO ACCOMMODATE DISABILITY DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT

81. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through , 4, 7, 10 through 24, 26 through 46, 54 through 60, above.

82. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

83. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

84. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

85. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

86. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

87. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA BASED ON DISABILITY

88. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4, 7, 10 through 24, 26 through 46, 54 through 60, above.

89. Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his disability, and/or his request for/utilization of reasonable accommodation.

90. Plaintiff's objections to discrimination and/or request for reasonable accommodation, constituted protected activity under the ADA.

91. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and/or his request for reasonable accommodation.

92. Plaintiff's protected activity, and his termination, are causally related.

93. Defendant's stated reasons for Plaintiff's termination are a pretext.

94. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

95. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

96. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

97. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VI
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

98. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 4, 7, 10 through 24, 26 through 46, 54 through 60, above.

99. Plaintiff was terminated within close temporal proximity of his objections to disability discrimination and/or his request for reasonable accommodation.

100. Plaintiff's objections to discrimination and/or request for reasonable accommodation, constituted protected activity under the FCRA.

101. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

102. Plaintiff's protected activity, and his termination, are causally related.

103. Defendant's stated reasons for Plaintiff's termination are a pretext.

104. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

105. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

106. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

107. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT V
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT
## UNLAWFUL RETALIATION

108. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1 through 7, 12, 18 through 47, 59, and 60 of this Complaint as if fully set forth herein.

109. On June 19, 2026, Defendant terminated Plaintiff from his employment in violation of Section 448.102(3), Florida Statutes.

110. Plaintiff was retaliated and discharged in violation of Section 448.102(3), Florida Statute for objecting to illegal activity, being conducted by Defendant.

111. Plaintiff objected to this violation of a law, rule, or regulation, and was fired as a direct result of same, which constitutes a violation of the FWA.

112. As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and any other monetary and non-monetary losses.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

***(Remainder of page left intentionally blank)***

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 21st day of October, 2026.

Respectfully Submitted,

***/s/ Nicholas Vimo***
Nicholas Vimo
Florida Bar No. 1029436
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: nicholas@floridaovertimelawyer.com

*Attorneys for Plaintiff*